```
     F5MTVINC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          14 CR 799 (RA)

5    CRISTIAN VINTILA, MASSIMO
     ROMAGNOLI and VIRGIL FLAVIN
6    GEORGESCU,

7              Defendants.

8    ------------------------------x

9                                          New York, N.Y.
                                           May 22, 2015
10                                         11:30 a.m.

11
     Before:
12
                     HON. RONNIE ABRAMS,
13
                                           District Judge
14
                            APPEARANCES
15

16   PREET BHARARA
          United States Attorney for the
17        Southern District of New York
     ILAN GRAFF
18   ANDREA SURRATT
          Assistant United States Attorneys
19
     FEDERAL DEFENDERS OF NEW YORK
20        Attorneys for Defendant Vintila
     CHRISTOPHER FLOOD
21
     CALVIN SCHOLAR
22        Attorney for Defendant Romagnoli

23   ALBERT DYAN
          Attorney for Defendant Georgescu
24

25
```

1                (In open court, case called)
2                MR. GRAFF:  Good morning, your Honor, Ilan Graff for
3     the government with my colleague Andrea Surratt.
4                THE COURT:  Good morning.
5                MR. DAYAN:  Good morning, Judge Abrams, Albert Dayan
6     for Mr. Georgescu.
7                THE COURT:  Good morning to both of you.
8                MS. FLOOD:  Good morning, Christopher Flood, Federal
9     Defenders of New York, on behalf of Mr. Vintila.  Sorry I'm the
10    cause of the delay this morning.  There was confusion between
11    Ms. Shroff and I about the time of the conference.
12               THE COURT:  It happens.
13               MR. SCHOLAR:  Good morning, your Honor, Calvin Scholar
14    for Mr. Romagnoli.
15               THE COURT:  Good morning.
16               Where we are on discovery?
17               MR. GRAFF:  Your Honor, all discovery that the
18    government has been produced.  There's a little bit of
19    remaining discovery that we produce on a rolling basis as we
20    receive it.  Specifically there were some search warrants
21    produced to all the parties for the defendants' email accounts,
22    as well as devices seized from them at the time of their
23    arrest.  The search warrants were executed approximately six
24    weeks, two months ago.  The emails we received last week and
25    produced to defense counsel.  The devices continue to be

1    processed, so the contents of electronic devices are the only
2    bit of outstanding discovery.
3            THE COURT:  Do you have any sense of timing on that?
4            MR. GRAFF:  I was told that it would be a matter of a
5    couple of weeks, but in my experience that's a little bit of
6    fluid estimate.  It depends on the demands of the lab that is
7    processing them.  So my sense is certainly by the end of June,
8    but I'm hesitant to be more specific on that.
9            THE COURT:  Are the defendants in a position to tell
10   me if they intend to make any motions?  Is there any reason
11   that we can't set a motion schedule?  Let me phrase it that
12   way.
13           MR. DAYAN:  Yes, we intend to file.  On behalf of
14   Mr. Georgescu, I have a basis to file, and I don't see why a
15   motion schedule should not be set at this time.
16           THE COURT:  Do you know yet what motion you intend to
17   file?
18           MR. DAYAN:  Yes, I have a few issues that I intend to
19   raise.  One is the severance issue, which I do believe that I
20   have a basis for.  I have an issue a legal argument on one of
21   the counts that charges the defendant with a conspiracy to
22   commit reckless murder.  For me, that's an inconsistent type of
23   theory.  Obviously the conspiracy is a specific objective
24   crime, as opposed to a recklessness being completely opposite
25   of that, so I intend to argue in my motion that is an oxymoron,

1     if I may.  And there may be other issues, but those are the
2     ones that are sort of glaring for me now.
3              THE COURT:  I'm trying to get a sense if these are
4     motions that may need a hearing or legal motions that we can
5     decide on papers.
6              MR. DAYAN:  I'm not sure.  They may require a hearing.
7     I would definitely ask for a hearing on both of those motions.
8              THE COURT:  Meaning oral argument.
9              MR. DAYAN:  Oral argument, yes.
10             THE COURT:  And Mr. Flood?
11             MS. FLOOD:  We are still considering whether we will
12    be filing any motions.  I can't really be certain at this
13    stage.
14             THE COURT:  We'll set a schedule today.
15             MR. SCHOLAR:  Judge, on behalf Mr. Romagnoli, I don't
16    anticipate making any motions at this time.  However, I'm still
17    going through some emails that I received this last week.
18    That's where we stand at this point.
19             THE COURT:  How much time do you believe you need to
20    make a motion, Mr. Dayan?
21             MR. DAYAN:  Well, only because I haven't really gone
22    through all the discovery -- I am in receipt of it, and it's
23    voluminous -- I would ask, if possible, to get like 45 days.
24             THE COURT:  That's fine, I will give you 45 days.  Why
25    don't I give you until July 3rd, so right under 45.  I can give

F5MTVINC

1    you the July 4th weekend if you want it.
2             MR. DAYAN:  Just in case.
3             THE COURT:  So I will give you until July 7.  How much
4    time does the government need to respond?
5             MR. GRAFF:  If the government could have three weeks
6    to respond.
7             THE COURT:  Yes, that's July 28.
8             And for a reply?
9             MR. DAYAN:  Ten days.
10            THE COURT:  So that's August 7.
11            Before I schedule a hearing, why don't we talk about a
12   trial date, and then I will schedule a hearing before that.
13   About how long do you anticipate this trial will last?
14            MR. GRAFF:  Approximately two weeks for all three
15   defendants.
16            THE COURT:  And do any of you -- and I imagine the
17   answer will be yes -- have time constraints, or is there a
18   particular time that you think would be best to try the case?
19   Have you discussed amongst yourselves?
20            I'm realistically looking at October, but if you would
21   like me to try to fit it in beforehand, I could try to do that.
22   I don't know if the end of the summer works.
23            I'm seeing shaking heads.  Does October work for
24   everybody?
25            MR. SCHOLAR:  October would work for us.

1            MR. DAYAN:  I just would hate, Judge, if I may, such a
2     short period of time for such a complex trial.  I know it's
3     only two weeks, but to me it's highly possible, maybe even
4     probable, that Mr. Georgescu may go to trial in this case.  And
5     because there are so many complex issues in this case, I would
6     respectfully ask if we could start this trial sometime, if not
7     December, but in January.  I don't want to put myself on such a
8     tight leach.  He's incarcerated.  I have to visit him all the
9     time.  It's very, very time consuming for preparation, even for
10    motions and discovery, I don't want to hold myself on such a
11    short leash in case this case will go to trial.
12           THE COURT:  All right.
13           MR. DAYAN:  I would respectfully ask to go into
14    December or January if you don't want to keep it in December.
15           THE COURT:  Defense counsel, do you all have
16    preferences, time constraints?
17           I will tell you this, I will expect it to be a firm
18    trial date.  So I want to give you now the time that you think
19    you need to prepare for this trial, but then I don't intend to
20    move it absent real extraordinary circumstances.  So I want you
21    to look at your schedules, talk amongst yourselves, and propose
22    when you think you'll be in a position to try a case like this,
23    and I am happy to hear you out.
24           MS. FLOOD:  That means that -- I have a conspiracy --
25    pardon me, not a conspiracy, a fraud trial November 8 that I

1   expect to be about three weeks, and that's going to take me to
2   December.  Being able to realistically prepare for a December
3   trial date, that's not realistic.
4           THE COURT:  You said a November 2nd trial?
5           MS. FLOOD:  8th.
6           MR. DAYAN:  May I propose January 2nd, 3rd, the first
7   week of January, if possible, if counsel would agree.
8           MS. FLOOD:  November 3rd.  I misspoke, I said the 8th,
9   it's the 3rd.  But January seems much more realistic, given
10  what the Court has said about a firm trial date, genuine
11  difficulties, complexities in this case, the fact that we have
12  three defendants.
13          MR. DAYAN:  Mr. Georgescu may put on the defense case
14  as well, Judge, that's beyond --
15          THE COURT:  I think the issue -- look, I would be
16  inclined to schedule it earlier.  I'm looking, but Mr. Flood
17  has a November trial date, that's when I was looking.  And it
18  seems like that doesn't give us too much time in December
19  before the Christmas week.
20          So I will schedule it January 4th.  But again, I just
21  want to be clear, this is a firm trial date, and I'm telling
22  the defendants themselves that I'm not suggesting that there's
23  any reason any of you would want to change counsel, but if for
24  some reason you want to, I want you to know this date is firm.
25  Even if for some reason you have to change counsel, I'm not

1  going to move this trial date absent really something
2  extraordinary.  So I will schedule the trial date for
3  January 4th, at defendants' request, but I just want to be
4  clear about that.  So whatever you need to do to prepare you
5  should be doing in advance of January 4.
6          And now I'll schedule a hearing.  Given how far off
7  the trial is, it's not as pressing that we have it quickly.
8          Are you all free on the week of October 5th?
9          MS. FLOOD:  Yes, for Mr. Vintila.
10         MR. DAYAN:  For Mr. Georgescu, we are, Judge.
11         MR. SCHOLAR:  Yes, Judge.
12         THE COURT:  Why don't we put this on for October 5th
13 at 10 o'clock for a hearing or oral argument and we'll see what
14 it is.
15         Is the government seeking to exclude time under the
16 Speedy Trial Act?
17         MR. GRAFF:  Your Honor, the government is, to allow
18 the parties to prepare the motions that they contemplated and
19 to prepare for the potential trial in this case and, of course,
20 to continue review of discovery and plea discussions, the
21 government would ask that time be prospectively excluded from
22 today's date until October 5th, the hearing date that your
23 Honor scheduled with motions.
24         THE COURT:  Any objection?
25         MR. DAYAN:  None from Georgescu.

F5MTVINC

1            MR. SCHOLAR:  No, your Honor.

2            MS. FLOOD:  No.

3            THE COURT:  So I will exclude time from today until

4    October 5th pursuant to 18, United States Code, Section

5    3161(h)(7)(A).  I find that the ends of justice served by

6    excluding such time outweigh the interests of the public and

7    the defendants in a speedy trial.  So it will allow time for

8    the defendants to make their motions, the Court to decide on

9    those motions, and also to begin preparing for trial as well.

10           Are there any other issues that we need to discuss

11   today?

12           MR. GRAFF:  Nothing from the government, your Honor.

13           MR. DAYAN:  None from us.

14           THE COURT:  Anything else?

15           MR. SCHOLAR:  No.

16           MS. FLOOD:  No, your Honor.

17           THE COURT:  Thanks all, have a nice weekend.

18                              o0o