**ALBERT Y. DAYAN**
Attorney at Law

80-02 Kew Gardens Rd., # 902, Kew Gardens, N.Y. 11415
Tel: (718) 268-9400  Fax: (718) 268-9404

---

August 13, 2015

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

        Re:    <u>United States v. Georgescu</u>
                14-Cr-799 (RA)

Dear Judge Abrams:

      Please accept this letter as a Reply to the Government's Answer to defendant's motions.

<u>Preemption</u>

      The Government in its response to defendant Georgescu's argument that 2339A preempts 1114 in the precise circumstances of this case misstates that argument. The prosecutor's assertion that defendant's "claim appears to be that, because any violation of Section 2339A predicated on a defendant's provision of weapons to terrorists would necessarily also violate Section 1114, Congress "manifest[ly]" meant for Section 2339A to displace Section 1114 as the appropriate means of prosecuting that offense." (Def. Br. at 5). The Government's simplistic view of Georgescu's claim is wrong.

      What defendant does urge is that where criminal conduct, as here, falls within the general terms of one statute, 1114, but that conduct is specifically covered by another, later enacted, statute, 2339A, the former statute is displaced, i.e., preempted, by the latter where Congress' intent in enacting the specific statute was to preempt the general.  And, that intent may be divined, *inter alia*,  from  the well-established rule of construction that the specific statute must be given precedence over the general one<u>, Busic v. United .States</u>, 446 U.S 398, (1980), the "rule of lenity," logic and a reading of the statute. <u>See</u>, <u>United States v. LaPorta</u>, 46 F.3d 152 (2d Cir. 1994).

Here Congress' intent to preempt is evident. Obviously, 2339A is the specific statute and 1114 the general and as the potential sentence under 2339A is a maximum of 15 years and under 1114 the maximum is life imprisonment, the "rule of lenity" requires that any ambiguity in the statutory relation" must be resolved in defendant's favor. <u>United States v. Bass</u>, 404 U.S. 336 (1971) ("'when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite'") And, by specifically referencing 1114 in 2339A, Congress has made clear its intention that 2339A be given precedence where the criminal conduct consists solely of the "provi[ding] of weapons to terrorists knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section ... 1114...."

And further, the specific statute, 2339A, must logically preempt the general one, 1114, for otherwise 2339A would be rendered superfluous. If a violation of 1141, which proscribes murder of American officers and employees, could be proved simply by evidence of the particular acts described in 2339A, such a construction would rob 2339A of all practical effect, surely not the Congressional intent. <u>See</u>, <u>United States v. LaPorta</u>, <u>supra</u>.

<u>Reckless Murder</u>

The government also misconstrues defendant's argument concerning conspiracy to commit "reckless murder." The Government claims that "The defendant argues that the absence of the words "murder" or "malice aforethought" in Count One necessarily limits the Government's theory on that count to a purportedly invalid allegation of "reckless murder." But, defendant makes no argument directed to the sufficiency of the pleading, i.e., the absence of the words "murder" or "malice aforethought" in the indictment.

What is contended is that there is an absence of proof, any evidence, that the defendants harbored an actual intent to kill and therefore the theory of prosecution on the conspiracy alleged in Count One must be that the act of providing weapons to a terrorist organization, which has declared its intention to use the weapons to kill officers of the United States, is a reckless act satisfying the murder element of "malice aforethought." In other words the defendants conspired to commit "reckless murder." But, conspiracy to commit "reckless murder" is a non-existent crime.

Respectfully submitted,

*Albert Y. Dayan*
Albert Y. Dayan
Attorney at Law