

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*


May 6, 2016


**BY ECF AND EMAIL**


The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007


   Re: <u>**United States** v. **Flaviu Georgescu,**</u>
     **14 Cr. 799 (RA)**


Dear Judge Abrams:

   By way of brief supplement to the Government's earlier filings on this issue and response to defense counsel's May 4 letter, the Government respectfully submits the following summary of its argument: The Government expects the evidence to show that the defendant did more than agree with his coconspirators to provide material support and resources to men he believed represented the FARC. While the weapons were not delivered, the evidence will show defendant agreed with his coconspirators to provide and *actually provided* material resources, including encryption technology and expert advice and assistance regarding weapons prior to his arrest. On these facts, the argument that he "feigned" agreement to provide these resources invites confusion as to the relevant legal standard by, in effect, arguing that, notwithstanding evident shared intent to deliver *some* material resources to the FARC—for instance, the weapons expert whom the defendant recruited, escorted to meetings, and instructed to deliver guidance on weapons systems to the FARC—the defendant only pretended to want to benefit terrorists and thus did not join what defense counsel has vaguely characterized as the "criminal conspiracy."

   For the reasons set forth in the Government's earlier filings, because the law only requires the Government to prove that the defendant agreed to provide *any* of the material support and resources alleged in the indictment to people whom he believed were terrorists—and does not require the defendant to have considered his conduct illegal—it is no defense to Count Two to claim that the defendant did not agree to provide *all* of the alleged material support and resources or that his intent to agree to the weapons deal in its entirety was "feigned." As described by defense counsel, this theory can only lead to jury confusion regarding the elements of material support conspiracy. Accordingly, the Government respectfully maintains that, should the defendant advance this defense theory in any respect, the jury be properly instructed that if they find the defendant agreed to provide *any* of the material support or resources alleged in the indictment to people whom he believed represented the FARC, his mistaken belief that he was

doing so on behalf of the Government—rather than to confer benefit on the FARC—is not a defense to Count Two.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: _____

Ilan Graff / Andrea Surratt
Assistant United States Attorneys
(212) 637-2296 / 2493

cc:  Albert Dayan, Esq. (by ECF)