UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

No. 14 Cr. 799 (RA)

VIRGIL FLAVIU GEORGESCU,

Defendant.

**JURY CHARGE**

# TABLE OF CONTENTS

## I. GENERAL INSTRUCTIONS ......................................................................... 4

1. Introductory Remarks ...................................................................... 4
2. Role of the Court ............................................................................ 4
3. Role of the Jury .............................................................................. 5
4. Role of Counsel .............................................................................. 5
5. Sympathy, Bias, and Punishment .................................................. 6
6. All Persons Equal Before the Law ................................................. 7
7. Presumption of Innocence, Burden of Proof, Reasonable Doubt ........ 7
8. What Is and Is Not Evidence .......................................................... 9
9. Direct and Circumstantial Evidence ............................................ 10
10. Stipulations .................................................................................. 11
11. Witness Credibility ....................................................................... 11
12. Preparation of Witnesses ............................................................. 13
13. Law Enforcement Witnesses ........................................................ 13
14. Government Informant .................................................................. 14
15. Cooperators/Accomplice Witnesses ............................................ 14
16. Expert Witnesses .......................................................................... 16
17. Prior Inconsistent Statement ....................................................... 17
18. Uncalled Witness—Equally Available ......................................... 17
19. Persons Not On Trial .................................................................... 18
20. Court Interpreter ........................................................................... 18
21. Use of Audio and Video Recordings ........................................... 18
22. Use of Transcripts and Foreign Language Exhibits ..................... 19
23. Redaction of Evidentiary Terms .................................................. 19
24. Summary Chart ............................................................................. 20
25. Specific Investigative Techniques Not Required ......................... 20
26. Evidence Obtained Pursuant To Search ....................................... 20
27. Defendant's Testimony ................................................................. 21

## II. SUBSTANTIVE INSTRUCTIONS .................................................................. 21

28. The Indictment .............................................................................. 21
29. Summary of the Indictment .......................................................... 21
30. Count One: Conspiracy to Kill Officers and Employees of the United States ... 22
    i. Element 1: The Existence of the Charged Conspiracy ................... 23
    ii. Element 2: Participation in Conspiracy ......................................... 27
    iii. Element 3: Overt Act ..................................................................... 29
31. Count Two: Conspiracy to Provide Material Support ........................ 29
32. Multiple Counts: Venue ................................................................ 32
33. Variance in Dates ......................................................................... 33
34. Affirmative Defense: Entrapment by Estoppel ............................ 33

**III. DELIBERATIONS OF THE JURY** ................................................................................ **35**

    35.   Right to See Exhibits and Hear Testimony, Communication with the Court ..... 35

    36.   Notes.......................................................................................................................... 35

    37.   Duty to Deliberate, Unanimous Verdict............................................................ 36

    38.   Duties of Foreperson ............................................................................................. 37

    39.   Return of Verdict..................................................................................................... 37

**IV. CONCLUSION** ....................................................................................................... **37**

# I.    GENERAL INSTRUCTIONS

## 1.    <u>Introductory Remarks</u>

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy.  It is important however that you listen carefully and concentrate.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So when I tell you the law, it's critical that I use exactly the right words.

Because my instructions are lengthy, I have provided each of you with a copy of them not only so that you can follow them as I read them, but also so that you can have them with you for reference as you deliberate.  Nonetheless, feel free to just listen for now.

## 2.    <u>Role of the Court</u>

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle

different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

3.     **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions, any of my rulings on objections, or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts. Any opinion I might have regarding the facts is of absolutely no consequence.

4.     **Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

From time to time, the lawyers and I had conferences out of your hearing.  These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter into your deliberations at all.

**5.**     **Sympathy, Bias, and Punishment**

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  Your verdict must be based solely upon the evidence developed at this trial, or the lack thereof.  It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, age, sexual orientation, or disability.  The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

If you have a reasonable doubt as to the defendant's guilt, you must not hesitate for any reason to find a verdict of acquittal for the defendant.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty for the defendant.

The question of possible punishment of the defendant is of no concern to the jury and should not enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

6.      **All Persons Equal Before the Law**

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the government is a party and the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give the government no less deference. Your verdict must be based solely on the evidence or the lack of evidence.

7.      **Presumption of Innocence, Burden of Proof, Reasonable Doubt**

Now, I will instruct you on the presumption of innocence and the government's burden of proof in this case. The defendant has pleaded not guilty. By doing so, he denies the charges in the Indictment. Thus, the government has the burden of proving the charges against him beyond a reasonable doubt. A defendant does not have to prove his innocence. On the contrary, he is presumed to be innocent of the charges contained in the Indictment. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

It is removed if and only if you, as members of the jury, are unanimously satisfied that the government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally comes up is, what is a reasonable doubt? The words almost define themselves. It is a doubt founded in reason and arising out of the evidence in the case, or

the lack of evidence. It is doubt that a reasonable person has after carefully weighing all the evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.

If, after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of the defendant, if you do not have an abiding conviction of the defendant's guilt—in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and, in that circumstance, it is your duty to acquit the defendant.

On the other hand, if after a fair and impartial consideration of all the evidence, you do have an abiding belief of the defendant's guilt, such a belief as you would be willing to act upon without hesitation in important matters in the personal affairs of your own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict the defendant.

One final word on this subject. Reasonable doubt does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact which by its nature is not susceptible to mathematical certainty. It follows that the law in a criminal case is that it is sufficient if the guilt of a defendant is established beyond a reasonable doubt, not beyond all possible doubt. For those of you who have served as jurors in civil cases, it is not a mere preponderance of the evidence standard. It is a heavier burden than that.

The government is not required to prove the essential elements of the offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are

considering if you believe that the witness has truthfully and accurately related what he has told you.

**8.** **What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties.

However, testimony that I may have stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave or will give you, and use the evidence only for the purpose I indicated or will indicate.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers that are evidence, not the questions.

Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read in the news media or anything outside of this courtroom may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

**9.** **Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. For example, if a witness testified that when he left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact, the existence or non-existence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The government asks you to draw one set of inferences.  The defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

**10.**   **Stipulations**

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the weight to be given to any stipulated fact.

In this case, you have also heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect and weight to be given that testimony.

**11.**   **Witness Credibility**

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his testimony.  You are the sole judges of the credibility of each witness and of the importance of his testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statements, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given, and all of the other evidence in the case. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he was talking about? Did the witness strike you as someone who was trying to report his knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his testimony. You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his

testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his testimony at this trial is truthful in whole or in part.

## 12. Preparation of Witnesses

You may have heard evidence during the trial that some witnesses have discussed the facts of the case and/or their testimony with the lawyers before the witnesses appeared in court.

You may consider that fact when you are evaluating a witness's credibility. But I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his testimony and what inferences you draw from such preparation are matters completely within your discretion.

## 13. Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed as a law enforcement official or employee does not mean that his testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

It is for you to decide, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

## 14.     Government Informant

There has been evidence introduced at trial that the government used an informant in this case. I instruct you that there is nothing improper in the government's use of informants and, indeed, certain criminal conduct never would be detected without the use of such informants. You, therefore, should not concern yourselves with how you personally feel about the use of informants, because that is really beside the point. Put another way, your concern is to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of informants.

On the other hand, where informants testify, as one did here, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether the informant received any financial benefits or promises from the government which would motivate him to testify falsely against the defendant.

If you decide to accept his testimony, after considering it in the light of all the evidence in the case, then you may give it whatever weight, if any, you find it deserves.

## 15.     Cooperators/Accomplice Witnesses

You have also heard testimony from two government witnesses who have pleaded guilty to charges arising out of facts in connection with this case. You are instructed to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that any prosecution witness pled guilty to criminal charges. The decisions of those witnesses to plead guilty were personal decisions those witnesses made about their own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

With respect to these cooperating witnesses, the government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For these very reasons, the law allows the use of cooperator testimony. Indeed, it is the law in federal courts that the testimony of a cooperator may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that cooperator testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of cooperators.

You should ask yourselves whether the cooperating witnesses would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their best interests would be best served by testifying truthfully? If you believe that the witnesses were motivated by hopes of personal gain, was the motivation one that would cause them to lie, or was it one that would cause them to tell the truth? Did this motivation color their testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the cooperating witnesses.

You also heard testimony about an agreement between the government and the witnesses. I must caution you that it is no concern of yours why the government made an agreement with a

particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

## 16. __Expert Witnesses__

You have heard testimony from what we call an expert witness. An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge. Such a witness is permitted to give his opinions as to relevant matters in which he professes to be expert and give his reasons for such opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinion that was received in evidence in this case and give it as much or as little weight as you think it deserves. If you should decide that the opinion of the expert was not based on sufficient education or experience or on sufficient data, if you should conclude that the trustworthiness or credibility of such expert was questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the expert opinion was based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing great reliance on his testimony.

**17.** <u>**Prior Inconsistent Statement**</u>

You may have heard evidence that a witness may have made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**18.** <u>**Uncalled Witness—Equally Available**</u>

Both the government and the defendant have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the government or to the defendant or to both. On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a potential witness.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

**19.**     **Persons Not On Trial**

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals other than the defendant are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

**20.**     **Court Interpreter**

Some of the testimony you have heard has been provided through the official court interpreter. When testimony has been presented in a language other than English you must base your decision on the testimony presented through the interpreter.

**21.**     **Use of Audio and Video Recordings**

Audio and video recordings have been admitted into evidence. These recordings were properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of the recording of the activity may not enter your deliberations. I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, and that the parties' use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved the defendant's guilt beyond a reasonable doubt.

**22.** **Use of Transcripts and Foreign Language Exhibits**

The parties have been permitted to distribute transcripts containing portions of the recordings that have been received as evidence.

As to those transcripts of discussions that were in English, the transcripts are not in and of themselves evidence. You alone should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than what appeared on the transcript, then what you heard is controlling.

However, you heard that some portions of the conversations were in foreign languages, specifically, Spanish, Romanian, and Italian. For those portions, it was necessary for the government to obtain translations of those conversations into English. The transcripts of those portions of the conversations embody the testimony of interpreters whose testimony was set forth in a stipulation. As such, those portions of the transcripts reflecting the foreign-language-to-English translations have been admitted into evidence. Similarly, translations of certain exhibits that were in foreign languages have been admitted into evidence, and these translations also embody the testimony of interpreters whose testimony was set forth in a stipulation. To the extent that you accept or reject the testimony of an interpreter, however, you may accept or reject the transcript or translation itself.

**23.** **Redaction of Evidentiary Terms**

During the course of the trial, you have seen, among the exhibits received in evidence, some documents and recordings that are redacted. "Redacted" means that part of the document or the recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not speculate as to any reason why the other part of it has been redacted.

**24.** **Summary Chart**

During the course of the trial, a summary chart was admitted into evidence. It is no better than the testimony or the documents upon which it is based, and it is not itself independent evidence. Therefore, you are to give no greater consideration to the summary chart than you would give to the evidence upon which it is based.

It is for you to decide whether the summary chart correctly presents the information in the testimony and the documents on which it was based. You are entitled to consider the summary chart if you find that it is of assistance to you in analyzing the evidence and understanding the evidence.

**25.** **Specific Investigative Techniques Not Required**

You have heard references to certain investigative techniques that were used or not used by the law enforcement authorities in this case. You may consider these facts in deciding whether the government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. There is no legal requirement that the government prove its case through any particular means. While you are to consider carefully the evidence presented by the government, you need not speculate as to why certain techniques were used or why others were not used. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the government has proven the guilt of the defendant beyond a reasonable doubt.

**26.** **Evidence Obtained Pursuant To Search**

You have heard testimony about evidence that was seized in various searches of electronic devices. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of how it was

obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

## 27.    **Defendant's Testimony**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.    This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.    In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness.

## II.    SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions to you relating to the charges brought against the defendant in this case.

## 28.    **The Indictment**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is merely a charge or accusation.  It is not evidence and it cannot be used by you as proof of anything.  As a result, you are to give it no weight in deciding the defendant's guilt or lack of guilt.  What matters is the evidence you heard at this trial.  Indeed, as I have previously noted, the defendant is presumed innocent, and it is the government's burden to prove the defendant's guilt beyond a reasonable doubt.

## 29.    **Summary of the Indictment**

The Indictment in this case charges two counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty

or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to the other offenses charged.

Count One charges that the defendant, Virgil Flaviu Georgescu, conspired with others to kill officers and employees of the United States, while those officers and employees were engaged in the performance of their official duties.  Count Two of the Indictment charges that the defendant conspired with others to provide material support or resources to a foreign terrorist organization, the Fuerzas Armadas Revolucionarias de Colombia, which, in English means Revolutionary Armed Forces of Columbia, commonly known by its Spanish language acronym FARC.

The defendant has pleaded "not guilty" to the Indictment.

**30.     Count One: Conspiracy to Kill Officers and Employees of the United States**

Count One of the Indictment charges the defendant with conspiring to kill officers and employees of the United States while such officers or employees were engaged in or on account of the performance of official duties.  Specifically, Count One alleges in relevant part, and I am reading now from the Indictment, that:

> From at least in or about May 2014, up to and including in or about October 2014, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, CRISTIAN VINTILA, MASSIMO ROMAGNOLI, and VIRGIL FLAVIU GEORGESCU, the defendants, . . . and others known and unknown, willfully and knowingly combined, conspired, confederated and agreed together and with each other to kill officers and employees of the United States, while such officers and employees were engaged in and on account of the performance of official duties, and any person assisting such officers and employees in the performance of such duties and on account of that assistance . . . .

> It was a part and an object of the conspiracy that CRISTIAN VINTILA, MASSIMO ROMAGNOLI, and VIRGIL FLAVIU GEORGESCU, the defendants, and others known and unknown, agreed to provide the FARC with weapons to be used, among other

things, to kill officers and employees of the United States, and persons assisting such officers and employees in the performance of official duties, in Colombia.

In order to sustain its burden of proof with respect to this charge, the government must prove beyond a reasonable doubt each of the following three elements:

*First*, the existence of the charged conspiracy as described further below;

*Second*, that the defendant unlawfully, intentionally, and knowingly participated in the conspiracy at some point during the applicable time period with an intent to further its unlawful object; and

*Third*, that at least one overt act in furtherance of the conspiracy was knowingly committed by at least one member of the conspiracy.

We will consider each of these three elements in turn.

### i.   <u>Element 1: The Existence of the Charged Conspiracy</u>

Turning to the first element that the government must establish beyond a reasonable doubt for Count One, the existence of the conspiracy.  What is a conspiracy?  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  The gist, or the essence, of the crime is the unlawful combination or agreement to violate the law.  The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the unlawful agreement is made.

A defendant cannot conspire, however, with a government informant.  Thus, the agreement, if any, must be between the defendant and at least one other person who was not a government informant at the time.

To establish a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy to find that a conspiracy existed. You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more other persons to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts which, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself. But it is not necessary that the conspiracy actually succeed in its purpose for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators came to an understanding and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in Count One.

In short, as far as the first element of the conspiracy is concerned, the government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in Count One of the Indictment.

In Count One, the alleged purpose of the conspiracy was to kill, in a manner which constitutes murder, officers or employees of the United States, or agencies and branches thereof, while such officers or employees were engaged in, or on account of, the performance of their official duties, or persons assisting such employees in the performance of their duties, in Colombia, in violation of Section 1114 of Title 18 of the United States Code. "Murder" is defined as the "unlawful killing of a human being with malice aforethought." Malice is the state

of mind that would cause a person to act without regard to the life of another. In other words, the defendant must have acted consciously, with the intent to kill. However, the government need not prove a subjective intent to kill on the part of the defendant. It would be sufficient to satisfy this element if it proved reckless and wanton conduct on the part of the defendant which grossly deviated from a reasonable standard of care such that he was aware of the serious risk of death. In order to establish this element, the government must prove that the defendant acted willfully, with the intent to break the law. However, the government need not prove spite, malevolence, hatred, or ill will toward the intended victim.

I further instruct you that an individual performs an "official duty" when he acts within the scope of what he is employed to do. To murder someone "on account of the performance of their official duties" is to murder someone because he or she performs that duty.

The term "officers and employees of the United States" is self-explanatory. It includes officers and employees of any agency in any branch of the United States Government, including members of the uniformed services.

Please note that the government charges that the conspiracy lasted from at least in or about May 2014 up to and including in or about October 2014. It is enough for you to find beyond a reasonable doubt that the charged conspiracy was formed and that it existed for any time within that period.

Finally, please bear in mind that conspiracy is an entirely distinct and separate offense from the actual commission of the object of the conspiracy. The actual commission of an object of the conspiracy is not an essential element of the crime of conspiracy. Thus, the government does not have to prove that any officer or employee was actually killed.

### ii.    Element 2: Participation in Conspiracy

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, and that is whether the defendant unlawfully, intentionally, and knowingly joined and participated in the conspiracy.

"Unlawfully" means simply contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule.  He needs only to have been aware of the generally unlawful nature of his acts.

"Intentionally" means to act deliberately and with an intent, at least in part, to further the object of the conspiracy.  Specifically, with respect to Count One, the government must prove that part of the defendant's intent was to kill officers and employees of the United States. This does not have to be the defendant's sole intent but it must be at least part of his intent.

"Knowingly" means to act consciously and voluntarily, rather than mistakenly or inadvertently.  Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  Moreover, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with an unlawful intent.  The ultimate facts of knowledge, though subjective, may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances.

It is not necessary that the defendant be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary that a defendant know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be

a co-conspirator.   Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, as long as he in fact participated in the conspiracy in the manner I have explained.   All that is necessary is proof beyond a reasonable doubt that the defendant intentionally joined in the conspiracy for the purpose of furthering the object of the conspiracy.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt.   A defendant need not have joined the conspiracy at the outset. A defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while that defendant was a member.   Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.   Some conspirators play major roles, while others play minor roles in the scheme.   An equal role is not what the law requires.   In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy if it meets the essential requirements I have described.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.   In other words, knowledge without participation is not sufficient. What is necessary is that a defendant has participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking.   A defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

### iii. Element 3: Overt Act

Finally, as to the third element—that an overt act in furtherance of the conspiracy was knowingly committed by at least one conspirator—an "overt act" is any step, action, or conduct intended to accomplish or further one or more objectives of the conspiracy. The government is not required to prove that the defendant committed the overt act. It is sufficient if the government proves beyond a reasonable doubt that at least one member of the conspiracy knowingly committed an overt act in furtherance of the conspiracy. You should bear in mind that the overt act standing alone may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that, in and of itself, is criminal or constitutes an objective of the conspiracy.

If the government proves all three elements of Count One beyond a reasonable doubt, you should find the defendant guilty of that charge; otherwise, you must find the defendant not guilty of that charge.

### 31. Count Two: Conspiracy to Provide Material Support

Count Two charges that from at least in or about May 2014, up to and including in or about October 2014, the defendant participated in a conspiracy to provide material support or resources to a designated foreign terrorist organization—in this case, the FARC.

Specifically, Count Two charges, and I am reading now from the Indictment, that:

> From at least in or about May 2014, up to and including in or about October 2014, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, CRISTIAN VINTILA, MASSIMO ROMAGNOLI, and VIRGIL FLAVIU GEORGESCU, the defendants, . . . and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to provide "material support or

resources," . . . to a foreign terrorist organization, to wit, the FARC, which was designated by the United States Secretary of State as a foreign terrorist organization in October 1997, . . . and is currently designated as such, as of the date of this Indictment's filing.

It was a part and an object of the conspiracy that CRISTIAN VINTILA, MASSIMO ROMAGNOLI, and VIRGIL FLAVIU GEORGESCU, the defendants, and others known and unknown, would and did provide the FARC with "material support or resources," . . . to include tangible and intangible property, services, financial services, expert advice and assistance, false documentation, and weapons, among other things, knowing that the FARC had engaged and was engaging in terrorist activity . . . and that the FARC had engaged and was engaging in terrorism . . . .

The same principles of the law of conspiracy that I explained to you in connection with Count One also apply to Count Two. In order to sustain its burden of proof with respect to this charge, the government must prove beyond a reasonable doubt each of the first two essential elements discussed in Count One: first, the existence of the charged conspiracy as further described below; and, second, that the defendant knowingly joined and participated in the conspiracy at some point during the applicable time period with the intent to accomplish its unlawful object. Again, I have already instructed you about these two elements in general, and you should apply those instructions to the conspiracy here charged. Please note that the government is not required to prove an overt act with respect to Count Two.

For the sake of brevity, I will not repeat the general instructions on the first two elements of conspiracy. Instead, I will discuss the object of the conspiracy charged in Count Two—to provide material support to a foreign terrorist organization in violation of Section 2339B(a)(1) of Title 18 of the United States Code—which is different than the object of the conspiracy charged in Count One.

In pertinent part, that statute provides that:

Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be [punished]. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization . . ., that the organization has engaged or engages in terrorist activity . . ., or that the organization has engaged or engages in terrorism . . . .

The statute defines "material support or resources" as "any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials." It defines "training" as "instruction or teaching designed to impart a specific skill, as opposed to general knowledge." And it defines the term "expert advice or assistance" as "advice or assistance derived from scientific, technical or other specialized knowledge."

As I stated, in Count Two, the alleged purpose of the conspiracy was to provide material support or resources to a foreign terrorist organization, namely, the FARC. Specifically, the government charges that the conspirators intended to supply the FARC with weapons brokering services, advice and assistance from weapons experts, false end user certificates, optical equipment, and weapons. The government need only prove that the conspiracy had the object of providing one form of material support or resources as I defined it earlier, not all the forms alleged in the Indictment. You must, however, be unanimous as to at least one form of support or object.

With respect to whether the defendant knowingly joined the conspiracy charged in Count Two with the intent to further its unlawful purpose, the question before you is whether the

government has proven beyond a reasonable doubt that the defendant entered into an agreement to provide material support to the FARC knowing the FARC to be a terrorist group or otherwise engaged in terrorist activity and intending to provide them with "material support or resources," as that term has been defined. The government need not prove that the defendant knew that what he was doing violated this law or that the defendant acted with criminal or evil—as opposed to innocent—intent. The government also need not prove that the defendant intended that the support or resources the conspiracy sought to provide would further the terrorist aims of the FARC.

The conspiracy does not have to contemplate any contact with the United States, but must instead contemplate providing material support or resources to a terrorist organization. The parties have stipulated that the FARC is a designated foreign terrorist organization, but the government must nonetheless prove beyond a reasonable doubt that the defendant, in joining the conspiracy charged in Count Two, knew or believed that the FARC had engaged or was engaging in terrorist activity. I instruct you that "terrorist activities" includes the use of any explosive, firearm, other weapon, or dangerous device with the intent to endanger the safety of one or more individuals or to cause substantial damage to property.

Also, you must find the conspiracy was in fact formed, and that it existed for some time within the charged period of in or about May 2014 to in or about October 2014. If the government proves both elements of Count Two beyond a reasonable doubt, you should find the defendant guilty of that charge; otherwise, you must find the defendant not guilty of that charge.

## 32.  **Multiple Counts: Venue**

Finally, before the defendant can be convicted of a given charge, the government must establish what is called venue. This means that you must determine that the point of entry where the defendant was first brought into the United States was in the Southern District of New York.

The Southern District of New York includes Manhattan, and Westchester County, as well as other areas not here relevant.

Unlike all the other elements of the offense, which must be proved beyond a reasonable doubt, the government is only required to prove venue by a preponderance of the evidence; that is, that it is more probable than not.

## 33.  Variance in Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates.  It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

## 34.  Affirmative Defense: Entrapment by Estoppel

If you conclude that the government has proven the defendant's guilt beyond a reasonable doubt with respect to the count in the Indictment that you are considering, you must then also consider whether the defendant has proven the affirmative defense of "entrapment by estoppel" with respect to that count.

The entrapment by estoppel defense is an affirmative defense.  This means it is the defendant's burden to prove it, not the government's.  The defendant has to prove the affirmative defense by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove only that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more convincing.  In determining whether the defendant has proven this defense, you may consider all of the testimony and evidence, regardless of who produced it.

Now let me describe the entrapment by estoppel defense to you. This is a defense to the charges in the Indictment if you find that a government official made affirmative statements or committed acts that produced in the defendant a reasonable belief that he was authorized to engage in the illegal conduct as an aid to law enforcement, even though that belief turned out to be wrong. The entrapment by estoppel defense focuses on what was in the defendant's mind and the reasonableness of that belief.

To establish this defense, the defendant must prove each of the following two elements. First, the defendant must prove that affirmative conduct or statements of a government official caused him in good faith to believe that he was authorized to engage in the charged conduct. This is a subjective inquiry, i.e., what was actually in the defendant's mind?

Second, the defendant must also prove that he acted reasonably in relying on that authorization. This means that a reasonable person sincerely intent on obeying the law could have believed he had obtained the official's authorization of his conduct and would not have been put on notice to make further inquiries of the government official before engaging in that conduct. This is an objective inquiry, i.e., was what was in the defendant's mind reasonable in light of all the circumstances?

This defense will not support a claim of license to commit a crime in the expectation of receiving subsequent authorization from a government official. Instead, you must find that the defendant's conduct was within the general scope of the perceived authorization.

You must consider the affirmative defense independently as to each of the two counts charged in the Indictment. With respect to each count in the Indictment, if you find that the defendant has satisfied his burden of proving the defense, then you must find the defendant not guilty. Conversely, if you find that the defendant has not satisfied his burden of proving this

affirmative defense, and you find that the government has proven beyond a reasonable doubt each of the elements of the count in the Indictment that you are considering, then you must find the defendant guilty.

## III.    DELIBERATIONS OF THE JURY

### 35.    <u>Right to See Exhibits and Hear Testimony, Communication with the Court</u>

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  Soon, you are to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, that can be arranged.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for exhibits or testimony—in fact, any communications with the court— should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the Marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

### 36.    <u>Notes</u>

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**37.**  **Duty to Deliberate, Unanimous Verdict**

You will soon retire to decide the case. Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of the defendant with respect to each count charged in the Indictment. You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

**38.**    __Duties of Foreperson__

You should by your own vote select one of you to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

**39.**    __Return of Verdict__

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign it, and your foreperson will advise the Marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## IV.    CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, if you apply your own common sense, and if you follow my instructions on the law, you will reach a fair verdict here.