USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/18/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

VIRGIL FLAVIU GEORGESCU,

Defendant.

No. 14-CR-799 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On March 2, 2021, Defendant Virgil Flaviu Georgescu, proceeding *pro se*, moved this Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release to care for his ailing mother in Romania. Dkt. 160 ("Pro Se Mot."). In that motion, Georgescu "request[ed that] an attorney be appointed to help him." *Id.* at 5. On March 16, 2021, the attorneys that represented Georgescu in his post-conviction proceedings wrote to the Court indicating their willingness to represent Georgescu on the instant motion. Dkt. 163. With the assistance of counsel, Georgescu filed a supplemental letter in support of his motion on April 30, 2021. Dkt. 167 ("Counseled Mot."). The Government opposes the motion. *See* Dkt. 169 ("Gov. Opp."). For the reasons that follow, Georgescu's motion is denied.

## BACKGROUND

On May 25, 2016, following a ten-day trial, a jury convicted Georgescu on one count of conspiracy to murder officers and employees of the United States, in violation of 18 U.S.C. § 1117, and one count of conspiracy to provide material support to a terrorist organization, in violation of 18 U.S.C. § 2339B. Underlying those charges was a months-long conspiracy orchestrated by Georgescu to provide military-grade weapons to the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), which is designated as a foreign terrorist organization by the United States.

The evidence at trial, obtained as a result of a string operation, indicated that Georgescu and others conspired to acquire and sell more than $15 million worth of guns, grenades and other weapons to the FARC, with the understanding that they would be used to kill Americans. *See* Dkt. 137 ("Sentencing Transcript"). On December 2, 2016, this Court sentenced to Georgescu to 120 months' imprisonment—significantly below the recommended Sentencing Guidelines sentence of life imprisonment—to be followed by a three-year term of supervised release. *See id.* at 10. Georgescu is currently serving his sentence at FCI Cumberland in Maryland, and is scheduled to be released on June 22, 2023.

Having exhausted his administrative remedies with the Bureau of Prisons, Georgescu now moves this Court for compassionate release. He argues that his 74-year-old mother's severe health issues, considered in light of the fact that he is the only family member that is able to care for her, constitute extraordinary and compelling reasons warranting his immediate release. Counseled Mot. at 1-2. He also maintains that a reduction in sentence is supported by the sentencing factors set forth in 18 U.S.C. § 3553(a), as he has already served "a substantial portion of his prison term" and "undertaken significant efforts during his incarceration to prepare himself for a productive entry into society following his release." *Id.* at 2. The Government challenges both of these contentions, arguing that Georgescu has not satisfied his burden of demonstrating extraordinary and compelling circumstances, and that the seriousness of his crime militates against his release. Gov. Opp. at 1.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018, a court may reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court may order a sentence reduction upon finding that (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). *See id.*

The Second Circuit Court of Appeals has stated that the First Step Act "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 238 (quoting 28 U.S.C. § 994(t) (emphasis in *Brooker*)).

## DISCUSSION

Having considered the parties' submissions, the Court denies Georgescu's motion for compassionate release.

The Court is not persuaded that the medical condition of Georgescu's mother in Romania constitutes an extraordinary and compelling reason that would warrant a reduction in his sentence. It is true that courts in the Second Circuit have granted motions for compassionate release in cases where the evidence suggests that an ailing relative needs the defendant's care. *See, e.g., United States v. Hasanoff,* No. 10-CR-162 (KMW), 2020 WL 6285308, at *4 (S.D.N.Y. Oct. 27, 2020). Medical records provided by Georgescu demonstrate that his mother suffers from numerous chronic health conditions, including heart disease, obesity, arteriosclerosis, high blood pressure, and other complications stemming from a stroke that she suffered in 2015. *See* Counseled Mot. at

4, Ex. C. According to a declaration by the the mayor of her home community in Romania, Georgescu's mother is a widow who lives alone and "cannot provide for herself the need[s] for everyday life." *Id.* Ex F.

Although the Court sympathizes with the plight of Georgescu's mother, and Georgescu's desire to care for her, it declines to reduce his sentence on that basis. The Court was aware of Georgescu's mother's health conditions when it sentenced him in 2016. His sentencing submission, for example, included a letter from his mother that detailed the complications from her recent stroke and characterized Georgescu as her "last resource." *See* Dkt 131, Ex. A at 15. The Court considered this mitigating factor in sentencing Georgescu to a term of imprisonment well below the term of life recommended by the Guidelines. The evidence proffered in support of the instant motion does not indicate that her situation has changed to a degree to that would cause the Court to reconsider the sentence imposed.

Even if the Court were to find that extraordinary and compelling reasons are present here, the Section 3553(a) factors would still weigh against a sentence reduction in this case. "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." *United States v. Daugerdas*, No. 09-CR-581, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations and internal quotation marks omitted). Among the pertinent factors to balance are the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to protect the public from further crimes of the defendant," and "to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

As the Court stated at sentencing, "the severity of [Georgescu's] conduct should not be in dispute," even though it was part "of a string operation directed by the CIA." Sentencing Transcript at 28. The evidence at trial established that Georgescu was part of a "far-reaching conspiracy to provide military-grade weapons to the FARC" that lasted several months, and for which he recruited at least two other individuals. *See id.* The sentence imposed reflects the seriousness of that crime. Removing more than two years of his sentence at this juncture, on the basis of factors of which the Court was largely aware at sentencing, would be inconsistent with the Court's initial assessment. In sum, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a sentence reduction is not justified in this case.

## CONCLUSION

For the foregoing reasons, Georgescu's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 160.

SO ORDERED.

Dated:  May 18, 2021
        New York, New York

Ronnie Abrams
United States District Judge